IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

MICHAEL JAMES MARION,

    Defendant.

Case No. _____

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure,

the United States of America, by its attorneys, Nicholas W. Chase, United States

Attorney for the District of North Dakota, and Jacob T. Rodenbiker, Assistant United

States Attorney; Defendant, MICHAEL JAMES MARION; and Defendant's counsel,

Stormy Vickers, agree to the following:

1.    Defendant acknowledges the Information charges a violation of Title 18,

United States Code, Sections 922(g)(1), 924(a)(8), and 2.

2.    Defendant has read the charge and Defendant's attorney has fully explained

the charge to Defendant.

3.    Defendant fully understands the nature and elements of the charged crime.

4.    Defendant will voluntarily waive indictment, plead guilty to the

Information, and admit the forfeiture allegation.

5.    The parties agree this Plea Agreement shall be filed as part of the Court

record and be governed by Rule 11(c) of the Federal Rules of Criminal Procedure. The

parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes

the non-binding recommendations specified in this Plea Agreement, then Defendant

acknowledges that this agreement will have been fulfilled. Except as provided in

Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does

not give Defendant a right to withdraw Defendant's guilty plea.

6.      Defendant will plead guilty because Defendant is in fact guilty of the

charge. In pleading guilty to the Information and admitting the forfeiture, Defendant

acknowledges a sufficient factual basis exists to satisfy the essential elements, including:

A deputy sheriff recognized Defendant enter and begin to drive a vehicle with no license plates at Dale's Café in Dunseith, North Dakota. The deputy knew Defendant's driving privileges were suspended and confirmed this with dispatch, who also advised Defendant had two active warrants from McHenry County, North Dakota. The deputy, along with a Bureau of Indian Affairs police officer in the vicinity, contacted Defendant and advised he was under arrest. Defendant stated he had a knife in his possession, which the deputy told him to leave in the vehicle. Defendant appeared hesitant to step out of the vehicle as though he were trying to conceal something.

Defendant was escorted to the patrol vehicle. Upon search incident to arrest, a small clear bag of white crystalline substance consistent with methamphetamine and a large amount of U.S. currency ($1,187). Defendant became uncooperative, tensed his body, and resisted having his hands placed behind his back. He was not following verbal commands. He would not open his fisted hands and was taken to the ground. He was tased after several warnings. Then he complied and rolled over to put his hands behind his back. As he did, however, he threw an item under the patrol vehicle, which was later found: aluminum foil containing a white crystalline substance consistent with meth.

A probable-cause search of Defendant's vehicle uncovered a digital scale, consistent with those used by distributors of meth. Also located was an unloaded custom black and gold Glock 17, 9mm pistol, and a loaded Mossberg 12-ga shotgun, as further described in the Information. Other drug paraphernalia were present in the vehicle. At the time, Defendant knew he had several prior felony convictions in North Dakota. The firearms in question had moved in and affect interstate commerce at the time Defendant possessed them.

Defendant agrees to forfeit his interest in the property covered by the Forfeiture Notice.

7.      Defendant understands the following maximum penalties apply:

Imprisonment:              15 years
Fine:                      $250,000
Supervised Release:        3 years
Special Assessment:        $100

Defendant agrees to pay the Clerk of United States District Court the special assessment

on or before the day of sentencing.

8.      Defendant understands that by pleading guilty Defendant surrenders rights,

including:

(a)     The right to a speedy public jury trial and related rights as follow:

(i)     A jury would be composed of 12 lay persons selected at

random. Defendant and Defendant's attorney would help choose the jurors

by removing prospective jurors "for cause," where actual bias or other

disqualification is shown; or by removing jurors without cause by

exercising so-called peremptory challenges. The jury would have to agree

unanimously before it could return a verdict. The jury would be instructed

that Defendant is presumed innocent and that it could not return a guilty

verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii)    At a trial, the United States is required to present witness

testimony and other evidence against Defendant. Defendant's attorney can

confront and examine them. In turn, the defense can present witness

testimony and other evidence. If witnesses for Defendant refuse to appear

voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iii)    At a trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9.    Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2025) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation of sentence. The United States expressly reserves the right to appeal from an unreasonable sentence.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any tribal, state, or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13.     The parties agree the base offense level is 20, because Defendant committed the instant offense after a prior conviction of either a crime of violence or a controlled substance offense. (USSG § 2K2.1.1(a)(4)(A)). The parties further agree a 4-level upward adjustment applies for possession of the firearm in connection with another felony offense, to wit, possession with intent to deliver a controlled substance and resisting arrest under North Dakota law. (USSG § 2K2.1(b)(6)(B)).

14.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

15.     The parties stipulate and agree that, as of the date of this agreement,

Defendant appears to qualify for a 2-level downward adjustment for acceptance of

responsibility. However, the government may, in its discretion, contest the adjustment

under USSG § 3E1.1(a) should Defendant subsequently fail to continue to accept

responsibility by failing to abide by the conditions of release, if applicable; by providing

false information to the Court, the probation office, or the United States; by unlawfully

using controlled substances; by attempting to obstruct justice; by breaching this Plea

Agreement; or by acting in a way that is inconsistent with, or failing to act in any way

that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16.     Neither the Court nor the Probation Office is a party to the Plea Agreement.

Neither the Court nor the Probation Office is bound by the Plea Agreement as to

determining the Sentencing Guideline range. The Court may apply other adjustments the

parties have not agreed upon. The parties reserve the right to argue for or object to any

adjustment not otherwise agreed upon or waived in this plea agreement.

17.     At sentencing, the United States will recommend a sentence at the low end

of a variance range equivalent to a one-level downward adjustment from the applicable

guideline range and request forfeiture of the property under the Forfeiture Notice. The

parties will jointly recommend a three-year term of supervised release on the mandatory

and standard conditions set forth in the USSG, along with any special conditions that the

Probation Office recommends that the Court orders.

18.    Defendant acknowledges and understands that if Defendant violates any

term of this Plea Agreement, engages in any further criminal activity, or fails to appear

for sentencing, the United States will be released from its commitments. In that event,

this Plea Agreement shall become null and void at the discretion of the United States, and

Defendant will face the following consequences: (1) all testimony and other information

Defendant has provided at any time to attorneys, employees, or law enforcement officers

of the government, to the Court, or to the Federal Grand Jury, may be used against

Defendant in any prosecution or proceeding; and (2) the United States will be entitled to

reinstate previously dismissed charges and/or pursue additional charges against

Defendant and to use any information obtained directly or indirectly from Defendant in

those additional prosecutions. Nothing in this agreement prevents the United States from

prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant

commits such acts in connection with this agreement or otherwise.

19.    The United States will file a Supplement in this case, as is routinely done in

every case, even though there may or may not be any additional terms. Defendant and

Defendant's attorney acknowledge that no threats, promises, or representations exist

beyond the terms of this Plea Agreement.

20.    **Defendant's Waiver of Appeal**. Defendant acknowledges having been

advised by counsel of Defendant's rights to appeal the conviction or sentence in this case,

including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction

or sentence collaterally through post-conviction proceedings, including proceedings

under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the

concessions made by the United States in this plea agreement, Defendant hereby

knowingly and voluntarily waives these rights, except as specifically reserved herein.

Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to

appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional

issues; any assessment, restitution or forfeiture order; the constitutionality of the

applicable guidelines; and the constitutionality of the statute(s) to which Defendant is

pleading guilty or under which Defendant is sentenced, or to argue that the admitted

conduct does not fall within the scope of the statute(s). Defendant reserves the right to

appeal a sentence of imprisonment imposed above the upper end of the applicable

guidelines range and the right to appeal or to collaterally attack the conviction or sentence

based on a claim of ineffective assistance of counsel that challenges the validity of the

guilty plea or this waiver.

21.    By signing this Plea Agreement, Defendant further specifically waives

Defendant's right to seek to withdraw Defendant's plea of guilty under Rule 11(d) of the

Federal Rules of Criminal Procedure once the plea has been entered in accordance with

this agreement. The appellate court will enforce such waivers. Defendant agrees that any

attempt to withdraw Defendant's plea will be denied and any appeal of such denial

should be dismissed.

22.    The Assistant United States Attorney and attorney for Defendant agree to

abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. They

acknowledge their obligation to use good-faith efforts to resolve any disputes regarding

the Presentence Investigation Report through a conference or other informal procedures.

8

stormy vickers @ stormy vickers Law. com

against Defendant for further prosecution, if, in the opinion of the United States Attorney,

Defendant has met all of Defendant's obligations under the Plea Agreement and provided

full, complete, and truthful information and testimony. However, nothing revealed by

Defendant during Defendant's debriefings and testimony would preclude Defendant's

prosecution for any serious violent crimes.

AGREED:

NICHOLAS W. CHASE
United States Attorney

Digitally signed by JACOB
RODENBIKER
Date: 2026.01.13 15:36:00
-06'00'

Dated: _____ 13 Jan 2026 _____

By: JACOB T. RODENBIKER
Assistant United States Attorney

Dated: _/2-30-25_

MICHAEL JAMES MARION
Defendant

Dated: December 30, 2025

STORMY VICKERS
Attorney for Defendant

4